**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENDA BERNAL, a U.S. Citizen, | |
| | |
| 3424 Colony Cove<br>Lehi, UT 84043 | Case No.  1:19-cv-140 |
| | |
| and | |
| | |
| ALI RASHEED SALEH, her fiance, | |
| | |
| Corniche Buhaira Road<br>Alkham, Sharjah, UAE | |
| | |
| Plaintiffs, | |
| | |
| v. | |
| | |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, | |
| | |
| Serve:  Office of the General Counsel<br>Department of Homeland Security<br>Mail Stop 3650<br>Washington, D.C. 20528 | |
| | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | |
| | |
| Serve:  U.S. Citizenship & Immigration<br>Services<br>425 I. Street, N.W., Room 6100<br>Washington, D.C. 20536 | |
| | |
| UNITED STATES DEPARTMENT OF<br>STATE, | |
| | |
| Serve:  Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th St. NW<br>Washington, DC 20522 | |
| | |
| U.S. CONSULATE, DUBAI, UNITED ARAB | |

EMIRATES,

Serve:  Executive Office
         Office of the Legal Adviser
         Suite 5.600
         600 19th St. NW
         Washington, DC 20522

KIRSTJEN NIELSEN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
         Department of Homeland Security
         Mail Stop 3650
         Washington, D.C. 20528

L. FRANCIS CISSNA, Director of the United
States Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
         Services
         425 I. Street, N.W., Room 6100
         Washington, D.C. 20536

MICHAEL POMPEO, United States Secretary of
State,

Serve:  Executive Office
         Office of the Legal Adviser
         Suite 5.600
         600 19th St. NW
         Washington, DC 20522

and;

JOHN RAKOLTA, U.S. Ambassador to the
United Arab Emirates,

Serve:  Executive Office
         Office of the Legal Adviser
         Suite 5.600
         600 19th St. NW
         Washington, DC 20522

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' FIANCE VISA APPLICATION

COME NOW Plaintiffs Brenda Bernal and her fiance Ali Rasheed Saleh, to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Mr. Saleh's long-delayed fiance visa application.

### PARTIES

1. Plaintiff Brenda Bernal is a citizen of the United States. She was born in Fresno, California and is therefore a citizen by operation of law.

2. Plaintiff Ali Rasheed Saleh is a citizen of Iraq, currently residing in the United Arab Emirates. UAE is a predominantly Muslim country.

3. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

4. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file fiance visa applications.

5. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Brasilia, Brazil, and which is responsible for implementing the immigrant visa provisions of the law.

6.    Defendant U.S. Consulate in Dubai, UAE (hereinafter sometimes referred to as "the Dubai Consulate") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

7.    Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the government of the United States.

8.    Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS.  Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cissna is sued in his official capacity as an agent of the government of the United States.

9.    Defendant Michael Pompeo, the U.S. Secretary of State, is the highest ranking official within the DOS.  Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Pompeo is sued in his official capacity as an agent of the government of the United States.

10. Defendant John Rakolta is the Ambassador of the United States in Dubai, UAE. Rasamimanana is being sued in his  official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

11. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C.

4

§ 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et

seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

12. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the

United States or officers or employees thereof acting in their official capacity or under color of legal

authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices

within this district.

13. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of

consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950),

because Defendants have not made any decision in regard to Ali Rasheed Saleh's visa application.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Brenda Bernal is the fiance of Ali Rasheed Saleh and is the fiance visa petitioner for Ali

Rasheed Saleh's visa application.

15. Under federal immigration law, USCIS is authorized to approve a fiance visa application filed

by a U.S. citizen and to issue a non-immigrant visa to allow the fiance to enter the U.S.

16. Brenda Bernal filed a visa petition for her fiance with the USCIS on or about December 29,

2017.  More than a year has now passed.

17. USCIS has allegedly adjudicated Plaintiffs' I-129F fiance visa petition.

18. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees.

19. Brenda Bernal has made repeated attempts to obtain a decision in this matter without

involving this honorable Court.  Plaintiff has made numerous service requests and has even attempted

to obtain assistance from her members of Congress.  This has led nowhere.

**FIRST CLAIM FOR RELIEF**
(Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

20.  Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

21. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

22. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

23. The Defendants have refused to adjudicate Plaintiffs' application and to issue the requested visa application.

24. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

25. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam due to security concerns.

26. On information and belief, Plaintiffs allege that the Defendants are intentionally delaying a response to the DOS in regard to Ali Rasheed Saleh's visa application pursuant to the CARRP

program.   Plaintiffs allege that this delay is due to Ali Rasheed Saleh traveling in the past to a predominantly Muslim country.

27. Upon information and belief, Plaintiffs allege that the USCIS and the DOS are and has been complicit in the delay in processing Ali Rasheed Saleh's visa application.

28. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

29. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiffs—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

30. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

31. Plaintiffs allege that Ali Rasheed Saleh's application has been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

32. The combined delay and failure to act on Ali Rasheed Saleh's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

33. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

34. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case with the USCIS.

### SECOND CLAIM FOR RELIEF
(Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

35. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

36. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

37. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

38. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, among other ways.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Brenda Bernal and Ali Rasheed Saleh request the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.   Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3.   Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' immigration benefit applications;

4.   Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5.   That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6.   That this Honorable Court take jurisdiction of this matter and adjudicate Ali Rasheed Saleh's immigrant visa pursuant to this Court's declaratory judgment authority;

7.    That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Ali Rasheed Saleh;

8.   That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

9.   Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 22nd day of January, 2019


*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Law Practice, LLC
34 N. Gore, Suite 101
St. Louis, MO 63119
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

ATTORNEYS FOR PLAINTIFFS